IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CORTNEY KAISER, individually, and as mother
and next friend of C.B., a minor,

                Plaintiffs,

v.                                                                          OPINION and ORDER

THE MONROE CLINIC, INC., JAMES J. EHLE, and                      19-cv-315-jdp
THE INJURED PATIENTS AND FAMILIES
COMPENSATION FUND,

                Defendants.

---

This is a medical malpractice case involving allegations of the negligent delivery of a baby. The court has already held the pretrial conference but gave the parties one more opportunity to raise objections to the voir dire, the verdict form, and the jury instructions. Plaintiff Cortney Kaiser has filed an objection to the court's instruction on medical negligence, Dkt. 287, and she also proposed additional voir dire questions, Dkt. 288. Defendants James Ehle and the Monroe Clinic have filed objections to the verdict form and the damages instructions. Dkt, 286. The Injured Patients and Families Compensation Fund has filed a request that it be permitted to give its own opening and closing statements. Dkt. 283.

The other parties don't object to the Fund's motion to give its own opening and closing statements, so that motion is granted. The court expects both sets of defendants to confer before trial to ensure that they are not covering the same ground. At the July 21, 2021 pretrial conference, the court will consider the issue of time limits on opening and closing statements to prevent unfairness to Kaiser.

Kaiser objects to the following paragraph in the court's draft post-trial instructions:

> If you find from the evidence that more than one method of performing the delivery was recognized as reasonable given the state of medical knowledge at that time, then Ehle was at liberty to select any of the recognized methods. Ehle was not negligent because he chose to use one of these recognized methods rather than another recognized method if he used reasonable care, skill, and judgment in administering the method.

Dkt. 260-3. This language comes from Wisconsin's pattern jury instructions. *See* WIS JI-CIVIL 1023. Kaiser says that the language isn't applicable to this case because the parties aren't debating the validity of multiple methods of delivery. Defendants included the language in their proposed instructions, but Kaiser didn't object until now, so defendants haven't had an opportunity to be heard. So the court will take this issue up at the conference scheduled for July 21, 2021.

The court has incorporated some of Kaiser's proposed changes to the voir dire questions. An amended draft is attached.

Defendants object to Question 1 and Question 2 on the verdict form:

> **QUESTION 1:** Was either defendant negligent?
>
> James Ehle:        _____ (Yes or No)
>
> Monroe   Clinic   (through   one   or   more   of   its   nurses): _____ (Yes or No)
>
> *If you answered "Yes" for both defendants in Question 1, answer both parts of Question 2. If you answered "Yes" for one defendant in Question 1, answer Question 2 for that defendant. If you answered "No" for both defendants in Question 1, do not answer any more questions.*
>
> **QUESTION 2:** Was either defendant's negligence a cause of injury to C.B.?
>
> James Ehle:        _____ (Yes or No)
>
> Monroe   Clinic   (through   one   or   more   of   its   nurses): _____ (Yes or No)

2

Defendants don't identify anything that is either incorrect or confusing about these questions. Instead, defendants object on the ground that the court grouped the questions by topic (negligence and causation) rather than by each defendant. In other words, defendants say that there should four numbered questions instead of two, with one question each addressing: (1) the Clinic's negligence; (2) injuries caused by the Clinic; (3) Ehle's negligence; and (4) injuries caused by Ehle. Defendants contend that the verdict form's current structure "requires the jury to deliberate in the negligence of each jointly." Dkt. 286, at 2.

The court isn't persuaded that the verdict form is prejudicial to defendants. The court's preference is to make both the verdict form and the jury instructions concise and clear, without any unnecessary redundancy. The verdict form's current structure allows the court to provide jury instructions that follow the flow of the verdict form without repeating similar instructions. The verdict form doesn't direct the jury to consider each defendant's negligence jointly, except in Question 3, which asks the jury to apportion negligence between the two defendants, in accordance with Wisconsin law. Defendants don't object to Question 3, so the court sees no need to modify Question 1 or Question 2.

To address defendants' concern, the court has added language to the instructions on negligence and causation. Specifically, the court has added the sentence "You must consider the negligence of each defendant separately" to the negligence instruction and the sentence "You must determine separately whether each defendant caused an injury to Colton" to the causation question. An amended draft is attached.

Defendants also object to several instructions on damages. First, defendants object to the prefatory statement directing the jury how to proceed if they "decide for" Kaiser or the

defendants.[1] Defendants say that the language is inappropriate because "'[d]eciding for' either defendants or Kaiser is not the role of the jury." Dkt. 286, at 3. But the language used by the court comes from the Seventh Circuit Pattern Instructions 1.31 and 13.6.1, and this court has used a similar instruction many times. The court sees no prejudice to either side.

Second, defendants object to an instruction on future damages because Kaiser hasn't offered any evidence of life expectancy. But the court rejected this view at the final pretrial conference and in the final pretrial conference order. *See* Dkt. 282, at 4 ("Simms is free to explain the reasons why he believes that Colton will have a reduced life expectancy."). So this objection is overruled.

Third, defendants object to an instruction on past medical expenses because Kaiser failed to adequately disclose the basis for those damages. But the court already rejected this contention as well. *See* Dkt. 259, at 40–41. Alternatively, defendants ask that the word "negligent" be added to the sentence "You must still determine whether the health care services were provided for the injuries sustained by Colton as a result of the treatment by defendants." The court will make that revision, so that the sentence will read, "You must still determine

---

[1] The full passage states:

> If you decide for defendants on the question of liability (that is, if you answer "No" to Question 1 or Question 2 for both defendants), then you should not consider the question of damages.
>
> If you decide for Kaiser on the question of liability (that is, if you answer "Yes" to both Question 1 and Question 2 for one or both defendants), then you must determine what amount of damages, if any, Colton and Kaiser are entitled to recover. Kaiser must prove her and Colton's damages by a preponderance of the evidence.

whether the health care services were provided for the injuries sustained by Colton as a result of the negligent treatment by defendants."

Fourth, and finally, defendants object to an instruction on life expectancy and mortality tables, contending that it is inconsistent with the court's ruling that limits the testimony of Gary Yarkony on the issue of life expectancy. Kaiser hasn't had an opportunity to respond to defendants' argument, so the court will take it up at the July 21 conference.

ORDER

IT IS ORDERED that Injured Patients and Families Compensation Fund's motion for permission to present opening and closing statements (called "motion for reconsideration" on the docket), Dkt. 283, is GRANTED.

Entered November 4, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

5